MATTER OF PEREZ

In DEPORTATION Proceedings

A-15713945
A-13285441

*Decided by Board June 18, 1964*

Respondent, a native and citizen of the Dominican Republic, has not established that because he was employed for a period of 6 months in a comparatively minor capacity in the Servicio de Inteligencia Militar he would be subject to physical persecution within the meaning of section 243(h), Immigration and Nationality Act, if deported to the Dominican Republic.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant—remained longer (both).

In a decision dated December 16, 1963, the Special Inquiry Officer found the respondents herein deportable on the charge contained in the order to show cause, denied their applications for temporary withholding of deportation under section 243(h) of the Immigration and Nationality Act, but granted them the privilege of voluntary departure from the United States. From that decision the respondents have appealed to this Board. Deportability has been conceded and the sole issue before this Board is the denial of the respondents' applications for withholding of deportation under section 243(h) of the Immigration and Nationality Act. The appeals will be dismissed.

In considering the applications for relief the Special Inquiry Officer noted that the female respondent's claim of physical persecution is based entirely on the fact that she is the spouse of the male respondent. Accordingly, the Special Inquiry Officer concluded that it was necessary only to consider the application of the male respondent. He disposed of the matter on that basis and in this action we concur.

The male respondent is a 29 year old married alien, native and citizen of the Dominican Republic, who last entered the United States at New Bedford, Massachusetts, on July 8, 1962, when he was admitted as a nonimmigrant crewman and authorized to remain in the United

States for a period of time not to exceed 29 days. He remained beyond that time without authority and is consequently, subject to deportation under section 241(a)(2) of the Immigration and Nationality Act. Our consideration of this appeal will be directed to his claim that if he were to be deported to the Dominican Republic he would be subject to persecution in that country. In support of this claim he has submitted the following facts for consideration. In 1956 he obtained employment with the Dominican Police Force as an investigator. The record indicates that he wore the uniform of the Dominican Police Force and that his activities as a law enforcement officer were concerned mostly with the investigation of robberies. In 1960 his employment was terminated for the reason that he had accumulated an excessive amount of demerits during his period of employment with the police force. Thereafter he worked as a seaman and continued as such until a short time after Trujillo was assassinated in May of 1961. Upon abandoning his calling as a seaman he continued employment with a Dominican electrical corporation servicing boilers. It is his testimony that at that time he also began working for the Servicio Inteligencia Militar (SIM), having obtained such employment with the help of his uncle who became Chief of the Central Information Agency of the SIM. His employment with the SIM continued for approximately six months when that organization went out of existence. The main basis for his claim of persecution is based upon his employment with the SIM. He testified that he worked in the Confidential Squad of the Section of Social Politics, and it was his duty to inform his superiors concerning people in the Dominican Republic who were displeased or dissatisfied with the Government of that country. Upon questioning he testified that he did not cause any one to be arrested, did not inform the SIM about any one and his name was never published as a member of the SIM. However, he stated that it was a well known fact that he was the nephew of Manuel Antonio Perez and at the conclusion of his employment with the SIM he found it necessary to go into hiding. Sometime thereafter he obtained a job as a seaman on the vessel which brought him to the United States in July 1962. Other testimony given by the respondent in this regard has been fully noted in the opinion of the Special Inquiry Officer and need not be repeated at this time.

The Special Inquiry Officer found that in view of the fact that the respondent was a comparatively minor employee of the SIM there was little reason to find that he would be persecuted were he to return to his home country. He concluded that the respondent had failed to establish that he would be subject to physical persecution in the Dominican Republic.

Counsel for the respondent appeared at oral argument on appeal. The substance of his argument relates to his request for clarification of the Board's decision in two cases, *Matter of Diaz*, File A–12386631, decided by the Board on March 20, 1963, and the *Matter of Torres-Tejeda*, File A–12336079, decided by the Board on January 3, 1964. Counsel for the respondents seeks to simplify the matters in question before this Board by characterizing our decision in *Diaz*, as the finding that an innocent bystander who might be persecuted by an unruly mob cannot be found eligible for relief under section 243(h). He describes our decision in the *Torres-Tejeda* case as finding that a person who was a "hatchet man" for Trujillo was not entitled to relief under section 243(h) because here he would be punished for crimes which he admitted committing. Such would not be persecution but rather prosecution and accordingly, would constitute appropriate punishment for admitted crimes. With the analysis of these two cases counsel declares he has no difficulty. He seeks in the instant case to place the male respondent in a position between what he implies are the extremes of circumstances relating to Dominicans who seek relief under section 243(h). In other words, he proposes the following question: "If the Board can find that an innocent bystander such as Diaz is not eligible for 243(h) relief and can also find that a so-called 'hatchet man' for a Government now overthrown is not eligible for 243(h) relief, why then should not a man who has served with the SIM in a minor capacity be granted withholding of deportation by reason of anticipated persecution?"

In answer to counsel's arguments we find that the situations presented in the Diaz and Torres cases have little relevancy to the present application for relief. As this Board has so often said in prior cases, applications for withholding of deportation based upon a claim of persecution must of necessity be considered on individual circumstances and factual situations. The burden of showing persecution is and must be upon the applicant for the requested relief. Generally speaking, the persecution to which section 243(h) refers connotes confinement, torture, or death inflicted on account of race, religion, or political viewpoint. This, of course, refers to physical persecution.[1] It has been held that the section involved relates also to economic proscription which is so severe as to deprive a person of all means of earning a livelihood.[2] The present case urges in effect that the respondent is fearful for his physical well-being if he is to be returned to the Dominican Republic and this fear is based upon his short service in a minor capacity as a member of the SIM. It is our judgment, therefore, that

[1] *Blazina* v. *Bouchard*, 286 F. 2d 507, C.A. 3, Feb. 2, 1961.
[2] *Dunat* v. *Hurney*, 297 F. 2d 744, C.A. 3, Jan. 24, 1962.

our decision must be based upon a consideration of the possibility of actual physical persecution to which the respondent would be subjected. His testimony in this regard has been reviewed at length by the Special Inquiry Officer. Nowhere in this record is there proof or testimony sufficient to warrant our reversing the holding of the Special Inquiry Officer. The present government in the Dominican Republic is a stable one. The organization to which the respondent belonged is now defunct. The respondent has failed to show, except by surmise and speculation, any positive, conclusive or even persuasive reasons for us to assume that he would be physically persecuted in his home country. By his own testimony his service with the SIM was undistinguished and innocuous.

From all the above and after a careful and thorough study of the record before us, this Board has concluded that the application for withholding of deportation under section 243(h) is not warranted in this case. Our consideration as hereinabove described has been limited to the claim of the male respondent. Inasmuch as we find his application to have no merit, it follows that the application of the female respondent should also be denied. Accordingly, the following order will be entered.

ORDER: It is ordered that the appeals be and the same are hereby dismissed.